**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ENRIQUE HUERTA-VILLANUEVA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74320 <br><br> Agency No. A097-856-023 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

    Jose Enrique Huerta-Villanueva, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his appeal from an immigration judge's removal order and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003), and we deny the petition for review.

Huerta-Villanueva has waived any challenge to the agency's determination that he failed to establish eligibility for cancellation of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

The BIA did not abuse its discretion in denying Huerta-Villanueva's motion to remand because he failed to present material, previously unavailable evidence of changed circumstances in Mexico, *see* 8 C.F.R. § 1003.2(c), and he failed to establish prima facie eligibility for relief under the Convention Against Torture, *see Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) ("To qualify for reopening under the Torture Convention, an alien must establish a prima facie case that 'it is more likely than not that. . . she would be tortured if removed to the proposed country of removal.'").

**PETITION FOR REVIEW DENIED.**